Date signed July 05, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| JAMES GHISELIN SASSCER, JR., | : | Case No. 06-13476PM |
| | : | Chapter 7 |
| Debtor | : | |
| STEVEN H. GREENFELD, TRUSTEE, | : | |
| Plaintiff/Counter Defendant, | : | |
| vs. | : | Adversary No. 07-0375PM |
| | : | |
| FRANCES H. PARKER, | : | |
| Defendant/Counter Claimant | : | |

**MEMORANDUM OF OPINION**

Before the court is the Complaint filed by Steven H. Greenfeld, Chapter 7 Trustee of the bankruptcy estate of James G. Sasscer, Jr. ("Chapter 7 Trustee"), to quiet title to two parcels of property identified as 14800 Pratt Street, Upper Marlboro, Maryland, and certain unimproved property known as Parcel 228, Grid E-2, Tax Map 101, Upper Marlboro, Maryland. There is also before the court a counterclaim filed by defendant/counter claimant, Frances H. Parker ("Parker") seeking a ruling that a certain Sheriff's Deed dated June 14, 2004, recorded among the Land Records of Prince George's County, Maryland, served to convey the subject property to him. The claims are mutually exclusive.

To assist the court in making this determination, the court appointed an expert witness, Carlton M. Green, Esquire, a member of the Maryland Bar, to render an opinion as to the

ownership of the subject property. Mr. Green is an acknowledged expert on land titles in the State of Maryland, and his Report was received in evidence without objection. Neither party saw fit to take further testimony from Mr. Green about the subject matter of his Report. A copy of that Report appears as Docket Entry 97 in the case file, No. 06-13476. The Report is accompanied by copies of the documents referred to in it. The Report opines that the ownership of the subject property is in James Ghiselin Sasscer, Jr. ("Debtor"), and therefore property of the bankruptcy estate. The court has carefully examined the Report and finds nothing in the record to controvert its findings.

>Contrary to the allegations of the counterclaim, the Report, at page 4, states:

>The title examination discloses a Sheriff's Sale dated June 14, 2004 from Michael Jackson to Francis Hill Parker that references Parcels One and Two in the deed recorded at Liber 2718, folio 246. Parcel 1 is 14800 Pratt Street, Upper Marlboro, Maryland. This reference does not refer to Tax Account No. 03-0235366 which is the tax account number assigned to 14800 Pratt Street, Upper Marlboro, Maryland. The June 3, 2004 Order of Ratification of the Sheriff's Sale only refers to property known as 5700 Old Crain Highway, Upper Marlboro, Maryland, consequently, 14800 Pratt Street, Upper Marlboro, Maryland was not sold or conveyed by said Sheriff's deed.

The court finds the case of *Dorsey's Lessee v. Dorsey*, 28 Md. 388 (1868), instructive. There must be such a description of the land seized and sold by the Sheriff that it may be ascertained and located. Otherwise, the seizure and sale are void. Where the seizure and sale are void for uncertainty in the description of property, the Court of Appeals went on to hold that the order of ratification by the Circuit Court could not give it validity. This court, therefore, finds that, subject to the liens of record, the properties were, at the time of the filing of this case, held by the Debtor, and, therefore, are property of the bankruptcy estate pursuant to § 541 of the Bankruptcy Code.

In the course of the oral argument, counsel for Parker urged that as a result of the Sheriff's sale, the Debtor no longer had any equitable interest in the subject property. This is in reliance upon such cases from this court as *In re Denny*, 242 B.R. 593 (BC Md.1999), and *Community Dev. Admin. v. de Souza (In re de Souza)*, 135 B.R. 793 (BC Md.1991). No effort was made to bring this issue before the court prior to the argument, and the counterclaim was never amended to prosecute this claim. The court gives no weight to this argument and believes the jurisprudence in this situation is more related to that of *Simard v. White*, 383 Md. 257 (2004),

where the Court of Appeals finds the rights of a transferee under a deed that is a nullity more akin to the rights of a defaulting purchaser than to the rights of a foreclosure purchaser whose rights are interdicted by a bankruptcy filing. And in any event, the record is incomplete as to who prepared the deed, and likewise incomplete as to the contents of the advertisements of the subject property for the Sheriff's sale.

One further fact should be pointed out. On November 14, 2006, this court entered an Order Confirming Termination of Automatic Stay pursuant to § 362(j) of the Bankruptcy Code on the request of Parker to evict the Debtor and his spouse from property known as 5700 Old Crain Highway, Upper Marlboro, Maryland. The court signed the Order presented that provided:

> ORDERED, that the automatic stay of 11 U.S.C. §362(a) is deemed not applicable to Francis Hill Parker, and it is further;
>
> ORDERED, that Francis Hill Parker may pursue any state court remedies that may be available to him to obtain possession of the real property located at 5700 Old Crain Highway, Upper Marlboro, MD 20772.

While not expressly stated in the Order, this court adheres to the view that the termination of the automatic stay of § 362(a) of the Bankruptcy Code terminates the automatic stay as to the Debtor. It does not operate with respect to property of the estate or to the Chapter 7 Trustee. *See Jumpp v. Chase Home Finance, LLC (In re Jumpp)*, 356 B.R. 789 (BAP CA1 2006) (citing to nine cases reaching a similar conclusion, n.3).

Counsel for the Chapter 7 Trustee will submit an appropriate order.

cc:   Steven H. Greenfeld, Trustee, 7910 Woodmont Avenue, Suite 760, Bethesda, MD 20814
Jonathan P. Morgan, Esq., 50 West Edmonston Drive, Suite 600, Rockville, MD 20852
Carlton M. Green, Esq. 7309 Baltimore Avenue, Suite 115, College Park, MD 20740
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Charles H. Keen, Esq., Tax Division, U.S. Dept. of Justice, P.O. Box 227, Washington DC 20044

**End of Memorandum**