Date signed October 17, 2007



_____
**PAUL MANNES**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| In Re: | Case No. 06-13476PM |
| **James Ghiselin Sasscer, Jr.,** | **Chapter 7** |
| **Debtor.** | |
| **Steven H. Greenfeld, Trustee,**<br>      **Plaintiff/Counter-Defendant,** | **AP No. 07-00375PM** |
| **v.** | |
| **Francis H. Parker,**<br>      **Defendant/Counter-Claimant.** | |

### MEMORANDUM OF DECISION

Before the court is the Defendant/Counter-Claimant's Motion to Reconsider Order Quieting Title Entered on July, 2007, and the Plaintiff/Counter-Defendant's Opposition. The Motion will be denied.

James Ghiselin Sasscer, Jr. ("the Debtor") filed a case under chapter 13 on June 16, 2006. Included on his Schedule A, Real Property, were two parcels – one in Bowie, Maryland, that is not at issue in this adversary proceeding, and another listed as 14806 Pratt Street, Upper Marlboro, Maryland 20772 ("the Pratt Street Property"). The case was converted to one under chapter 7 upon the request of the Chapter 13 Trustee on September 18, 2006. The appointment of Steven H. Greenfeld ("Trustee Greenfeld") as the Chapter 7 Trustee followed. Trustee Greenfeld designated the case an asset case. On November 14, 2006, this court passed an Order

Confirming Termination of the Automatic Stay pursuant to 11 U.S.C. § 362(j). That order, entered at the request of Francis H. Parker ("Mr. Parker"), provided that the automatic stay of 11 U.S.C. §362(a) was deemed not applicable to him and that he may pursue any state court remedies that may be available to obtain possession of the real property located at 5700 Old Crain Highway, Upper Marlboro, MD 20772 ("the Crain Highway Property").

By an amended Schedule C filed by the Debtor on January 5, 2007, the Crain Highway Property was added. No property was claimed as exempt on the original Schedule C. The objection by Trustee Greenfeld to the amended Schedule C was sustained. In March 2007, Trustee Greenfeld moved to sell, free and clear of encumbrances (excluding the Bowie, Maryland property), the Pratt Street Property and land described as "Parcel 228, Grid E2, Tax Map 101, Upper Marlboro, Maryland" ("the Undeveloped Croom Station Lot"). The motion raised objections from both the Internal Revenue Service and Mr. Parker. Mr. Parker asserted that he, rather than the Debtor, owned both the Pratt Street Property and the Undeveloped Croom Station Lot. After a hearing held on April 18, 2007, the court denied Trustee Greenfeld's motion without prejudice to the filing of an adversary proceeding. On April 23, 2007, this court issued an Order to Show Cause Why Expert Witness Should Not Be Appointed, finding that the unique circumstances of the case required that the court appoint its own expert under FED. R. EVID. 706(a). No responses being filed, the court appointed Carlton M. Green ("Mr. Green") as the court's expert witness. Mr. Green filed his "Report of Carlton M. Green as to Ownership of 14800 Pratt Street and Parcel 228, Grid E-2, Tax Map 101, Upper Marlboro, Maryland," on June 19, 2007 ("the Green Report"). The Green Report appears in the record at Docket No. 97 in the case file. The court found the Green Report persuasive and comprehensive.

Trustee Greenfeld filed the subject adversary proceeding on May 14, 2007, by a Complaint to Quiet Title. In answering the Complaint, Mr. Parker admitted all of the factual allegations contained therein but disputed that the Debtor owned the parcels at issue and asserted a Counterclaim. Neither party averred nor disputed this court's jurisdiction. Relying upon the Green Report and after a trial held on June 28, 2007, this court found that the parcels at issue were indeed property of the bankruptcy estate. The Order Quieting Title, awarding judgment in favor of Trustee Greenfeld and against Mr. Parker as to the Pratt Street Property and the

Undeveloped Croom Station Lot, was entered on July 11, 2007. An order authorizing the sale of the two parcels was entered in the case file on July 23, 2007, at Docket Entry No. 113.

The undisputed factual record reflects that Rosalie Gill Sasscer and B. Beale Sasscer took title to three parcels of land identified in a deed dated August 20, 1962, and recorded on the Public Records of Prince George's County, Maryland, at Liber 2718, at Page 246 ("the 1962 Deed"). These parcels were identified as parcels (1), (2) and (3) – Parcel (1) being the Pratt Street Property; Parcel (2) being the Undeveloped Croom Station Lot; and Parcel (3) being the Crain Highway Property. Title to the Crain Highway Property is not disputed, and the parcel is not property of the bankruptcy estate.

According to the Green Report, Rosalie Gill Sasscer, by her Last Will dated March 22, 1994, devised two parcels to the Debtor – "the Office Building I now own located on Pratt Street, Upper Marlboro, Maryland and the unimproved property known as 'Marlboro Field' which property is opposite the property I now occupy as my home." After her death in 1994, Rosalie Gill Sasscer's personal representatives executed a Personal Representative's Deed dated June 13, 1995, and recorded on June 15, 1995 ("the 1995 P.R. Deed"). The 1995 P.R. Deed referenced the 1962 Deed, conveying the Pratt Street Property as "Parcel One" and the Undeveloped Croom Station Lot as "Parcel Two." Parcel Two was described as "[a]ll that parcel assessed as 8.46 acres, more or less, in Acct No: 03-02353-82, . . . and being the residue of that parcel described as Parcel 2 in a Deed dated August 20, 1962 [the 1962 Deed][.]"

On August 30, 1996, the personal representatives of Rosalie Gill Sasscer's estate executed another deed – this time conveying property to the Debtor and his spouse ("the 1996 P.R. Deed"). Unlike the 1995 P.R. Deed, the 1996 P.R. Deed stated that the conveyance was in consideration of the sum of $375,000.00. The 1996 P.R. Deed made reference to the 1962 Deed and specifically described the Crain Highway Property, including reference to 6.5 acres of land conveyed to the State of Maryland for use by the State Roads Commission. An additional sentence was included appearing after the legal description that stated: "Together with all right, title and interest, if any, to the Land of Old Croom Station Road." In his expert opinion, Alan Grant explained the significance of this portion of the grant. The court found Mr. Grant's testimony persuasive. This expert witness was well-qualified to testify on the issues of the Maryland law of land titles and ownership.

-3-

In December 2003, a confessed judgment in connection with litigation with Mr. Parker was entered against the Debtor and his wife resulting in the issuance of a Writ of Execution. The Writ identified real property known as "14800 Pratt Street." According to the Green Report, a Sheriff's sale was held in June 2004, and referenced parcels (1) and (2) of the 1962 Deed.[1] The sale was ratified by the Circuit Court for Prince George's County by order dated June 3, 2004. That order refers to property known as "5700 Old Crain Highway, Upper Marlboro, Maryland." By a Sheriff's Deed dated June 14, 2004, and recorded the following day, the Sheriff, referencing a ratified sale order of June 3, 2004, conveyed the Debtor's and his wife's interest in the property identified as "5700 Old Crain Highway, Upper Marlboro, MD 20772" to Mr. Parker. The Sheriff's Deed referenced "property recorded at Liber 2718, Folio 246, Parcels One [being the Pratt Street Property] and Two [being the Undeveloped Croom Station Lot], with tax account no. 03-02353-82 [being referenced in the 1995 P.R. Deed as the tax account number for the Undeveloped Croom Station Lot but later being assigned to the Old Crain Highway property]." Mr. Green concluded that the Pratt Street Property and the Undeveloped Croom Station Lot were not conveyed to Mr. Parker by the Sheriff's Deed.

On September 23, 2004, with respect to a Deed of Trust executed by the Debtor and his wife, the Substitute Trustee, John S. Burson, sold at public auction the Crain Highway Property to Mr. Parker, the successful bidder. Burson's Trustee's Deed was recorded on September 7, 2005, referencing the property sold by address and by Parcel ID No. 03-0235382 but describing specifically property at 5700 Old Crain Highway Property. This sale was said to have been ratified by the Circuit Court for Prince George's County, in Civil No. CAE04-16781, on March 21, 2005.

The Green Report and the court's Memorandum of Decision and corresponding Order Quieting Title addressed only the Sheriff's Deed. Although not raised by Mr. Parker in his Motion to Reconsider, this court recognizes its omission and supplements its finding pursuant to

---

[1] Mr. Green noted that in February 2007, in Civil Case No. CAL 01-24362, the Sheriff attempted another sale with respect to the Pratt Street Property and the Undeveloped Croom Station Lot. The sale was neither ratified nor was a deed executed.

FED. R. CIV. P. 60(b), made applicable in adversary proceedings pursuant to FED. R. BANKR. PROC. 9024.

By his counterclaim, in addition to reliance on the Sheriff's Deed, Mr. Parker alternatively asserted ownership of the Undeveloped Croom Station Lot by the Trustee's Deed. Essentially, the argument is that when the Debtor and his spouse purchased the Crain Highway Property, they did so with borrowed funds resulting in encumbrances. The deeds of trust tracked the legal description on the 1996 P.R. Deed, that included a recitation after the legal description of the Crain Highway Property that the conveyance was "[t]ogether with all right, title and interest, if any, to the Land of Old Croom Station." Mr. Parker purchased at foreclosure the secured property and the Trustee's Deed completing the sale including the "[t]ogether with . . ." language thereby allegedly conveying, in addition to the Crain Highway Property, the Undeveloped Croom Station Lot. As additional support, Mr. Parker noted that the Trustee's Deed referenced tax account number 03-02353-82 – the number referenced in the 1995 P.R. Deed as to Parcel Two, the Undeveloped Croom Station Lot.

This court finds that the Trustee's Deed conveyed to Mr. Parker title to the Crain Highway Property only. The court agrees with the opinion of Mr. Grant who opined that the "[t]ogether with . . ." language was not uncommon, particularly where property abuts a public street that had been dedicated for public use by pervious owners. The court is satisfied that the reference in the Trustee's Deed to the Undeveloped Croom Station Lot was merely for identification of the land abutting or beneath the public road. Mr. Grant's opinion is supported by the fact that the 1996 P.R. Deed, the genesis of the Debtor's title, specifically identified only the Crain Highway Property. The 1962 Deed identified three distinct parcels. Had it been the intention of the personal representatives to convey Parcel (2), the Undeveloped Croom Station Lot, this court is confident that the personal representatives would have included the precise legal description of same in the 1996 P.R. Deed rather than the mere reference. Accordingly, the court's Memorandum Decision is supplemented to include this finding.

In his Motion to Reconsider, Mr. Parker makes two alternative arguments. First, that this court improperly set aside state court determinations and, second, that the court should have abstained from rendering its decision. In opposition, Trustee Greenfeld argued that this court did not set aside a judgment but rather clarified that the Sheriff's Deed was not effective in

transferring title of the Pratt Street Property or the Undeveloped Croom Station Lot to Mr. Parker.  Mr. Parker's Motion to Reconsider the Order Quieting Title cited to FED. R. CIV. P. 59(e), made applicable in adversary proceedings pursuant to FED. R. BANKR. PROC. 9023, and FED. R. CIV. P. 60(b), made applicable in adversary proceedings pursuant to FED. R. BANKR. PROC. 9024.  The court reviews its decision in accordance with FED. R. CIV. P. 59(e) that allows the alteration or amendment of a final judgment or order by a motion made within 10 days of the entry of the order.  Mr. Parker's Motion to Reconsider was timely filed.

Mr. Parker, relying upon the <u>Rooker-Feldman</u> doctrine, urges that ratification by the state court was a judicial determination of title that this court cannot upset.  This doctrine has no application here.  The <u>Rooker-Feldman</u> doctrine applies only when the losing party in a state court proceeding files an action in a federal court seeking redress for injury allegedly caused by the state court's decision.  <u>Davani v. Virginia Dept. of Transp.</u>, 434 F.3d 712 (CA4 2006) (discussing the Supreme Court's decision in <u>Exxon Mobile Corp. v. Saudi Basic Indus. Corp</u>, 544 U.S. 280 (2005)).

Here, the record reflects that neither the Sheriff's Deed nor the Trustee's Deed conveyed the subject properties as urged by Mr. Parker.  His argument is a red herring.  Ratification by the Circuit Court for Prince George's County of the two sales had little to do with the subsequent execution of the deeds conveying legal title to Mr. Parker.  This court did not revisit the ratification of the sales by clarifying what property was conveyed by the deeds and it did not decide an action brought by Trustee Greenfeld to redress injury caused by the ratifications. Indeed, whatever rights Mr. Parker has in the property are subject to the Chapter 7 Trustee's strong-arm powers found in 11 U.C. S. § 544(a).  As explained in DAVID G. EPSTEIN, STEVE H. NICKLES & JAMES J. WHITE, BANKRUPTCY § 6-61 (1992), and RICHARD I. AARON, BANKRUPTCY LAW FUNDAMENTALS § 10:6 (2007), these powers confer an ideal status upon the trustee, so as to subordinate certain interests to the trustee who has the standing of a <u>bona fide</u> purchaser or judicial lien creditor on all property to which a lien could attach.

The ratification process ensures that the forced sale was conducted properly.  The state court is responsible for ratifying the sale once satisfied that the sale was fair and properly made. MD. R. 14-305(e).  A court's ratification proceeding precedes the execution of the deed.  <u>White</u>

v. Simard, 831 A.2d 517, 524-5 (Md. App. 2003), aff'd, 859 A.2d 168 (Md. 2004).  While the sale is approved by ratification, the conveyance is accomplished by deed.

Trustee Greenfeld's reliance upon the archaic case of Dorsey's Lessee v. Dorsey, 28 Md. 388 (Md. 1868), is misplaced; yet, the court finds the decision supportive.  The Maryland Court of Appeals made a distinction between a constable's sale and a sheriff's sale.  As to the constable's sale, the court stated that ratification cannot cure a defective legal description – the proposition cited by Trustee Greenfeld.  However, as to a sheriff's sale, the court stated that a purchaser may resort to the deed of the sheriff or any other part of the official proceeding to identify the land actually seized.  It is abundantly clear that the Circuit Court for Prince George's County's ratification order ratified the sale to Mr. Parker of the Crain Highway Property only. The Sheriff's Deed that followed ratification was admittedly ambiguous; nonetheless, review of the record and interpretation of the Sheriff's Deed led this court to find that the Sheriff sold and effectively transferred title to the Crain Highway Property only.

Having not disturbed the ratifications by the Circuit Court for Prince George's County but merely quantifying what parcels were conveyed by the deeds, this court finds that the Rooker-Feldman doctrine is inapplicable and Mr. Parker's Motion to Reconsider is denied in this regard.

Mr. Parker alternatively suggests that this court exercise its discretion to abstain from asserting jurisdiction in this matter under 28 U.S.C. § 1334(c)(1).  The Motion to Reconsider will be denied in this regard as well.  The parties acknowledge that this is a core matter.  Section 1334(c)(1) provides, in pertinent part, that:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Numerous factors have been considered by courts in determining whether permissive abstention is appropriate under 28 U.S.C. § 1334(c)(1).[2]  These factors, however, are considerations to be made before a matter is tried and a decision rendered.

While this court has no hesitation in granting motions for abstention in appropriate cases, abstention pursuant to 28 U.S.C. § 1334(c) requires the filing of a motion that is served upon other parties to the matter in controversy.  See FED. R. BANKR. PROC. 5011.  LOCAL BANKR. R. 5011-1 fixes the time for filing such motions.  In an adversary proceeding, the motion must be

---

[2]  Factors to be considered by a court determining whether to permissively abstain, as cited by Mr. Parker in his Motion to Reconsider (citations omitted), include:

(1)     efficiency in the administration of the debtor's estate;

(2)     the extent to which state issues predominate over bankruptcy issues;

(3)     whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court;

(4)     the presence of a related proceeding commenced in state court;

(5)     the existence of a jurisdictional basis other than Section 1334;

(6)     the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7)     the substance rather than form of an asserted "core" proceeding;

(8)     the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court;

(9)     the burden of the federal court's docket;

(10)    the likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties;

(11)    the existence of a right to a jury trial; and

(12)    whether non-debtor parties are involved in the proceeding.

filed within the time prescribed for filing a response to the complaint.  In a contested matter, the motion must be filed within thirty days of the service of the pleading initiating the matter.

Trustee Greenfeld initiated a contested matter involving these parcels in March 2007. Mr. Parker interposed an objection to that sale that resulted in a lengthy hearing on April 18, 2007.  The court denied Trustee Greenfeld's motion without prejudice to the filing of this adversary proceeding.  A complaint initiating this adversary proceeding was filed on May 14, 2007.  Mr. Parker answered and asserted a Counterclaim.  At no time in the papers was abstention requested.  It was not until after a trial and an adverse decision that Mr. Parker made his untimely invitation to this court to abstain from hearing this matter.

An appropriate order denying Mr. Parker's Motion to Reconsider will be entered.


cc:    Frances H Parker
       c/o Jonathan P. Morgan
       50 W. Edmonston Dr., Ste. 600
       Rockville, MD 20852

       James M. Hoffman
       11921 Rockville Pike
       Suite 300
       Rockville, MD 20852

       Jonathan P. Morgan
       50 W. Edmonston Drive
       Suite 600
       Rockville, MD 20852

       Steven H. Greenfeld, Trustee
       7910 Woodmont Avenue
       Suite 760
       Bethesda, MD 20814


**End of Memorandum of Decision**